**CHEN ZE YAN, Petitioner,**

v.

**Eric H. HOLDER Jr., United States Attorney General,[1] Respondent.**

No. 08–4651–ag.

United States Court of Appeals,
Second Circuit.

May 19, 2009.

Jim Li, New York, NY, for Petitioner.

Michael F. Hertz, Acting Assistant Attorney General; Blair T. O'Connor, Assistant Director; Briena L. Strippoli, Trial Attorney, Office of Immigration Litigation, Civil Division, United States Department of Justice, Washington, D.C., for Respondent.

PRESENT: Hon. GUIDO CALABRESI, Hon. ROBERT D. SACK and Hon. ROBERT A. KATZMANN, Circuit Judges.

1. Pursuant to Federal Rule of Appellate Procedure 43(c)(2), Attorney General Eric H. Holder Jr. is automatically substituted for former Attorney General Michael B. Mukasey as respondent in this case.

## SUMMARY ORDER

Petitioner Chen Ze Yan, a citizen of the People's Republic of China, seeks review of an August 26, 2008 order of the BIA affirming the July 12, 2006 decision of Immigration Judge ("IJ") Paul A. Defonzo denying her application for asylum, withholding of removal, and relief under the Convention Against Torture ("CAT"). *In re Chen Ze Yan*, No. A97 907 048 (B.I.A. Aug. 26, 2008), *aff'g* No. A97 907 048 (Immig. Ct. N.Y. City, July 12, 2006). We assume the parties' familiarity with the underlying facts and procedural history in this case.

Where, as here, the IJ's decision rests on multiple alternate grounds and the BIA adopts and affirms that decision without expressly addressing each of the grounds, this Court may review the entire IJ decision and need not confine its review to the grounds expressly addressed by the BIA. *Ming Xia Chen v. BIA*, 435 F.3d 141, 144 (2d Cir.2006). We review *de novo* questions of law and the application of law to undisputed facts. *Salimatou Bah v. Mukasey*, 529 F.3d 99, 110 (2d Cir.2008). We review the agency's factual findings, including adverse credibility determinations, under the substantial evidence standard. 8 U.S.C. § 1252(b)(4)(B); *Dong Gao v. BIA*, 482 F.3d 122, 126 (2d Cir.2007).

For applications governed by the REAL ID Act of 2005, the agency may, considering the totality of the circumstances, base a credibility finding on an asylum applicant's demeanor, the plausibility of his or her account, and inconsistencies in his or her statements, without regard to whether they go "to the heart of the applicant's claim." 8 U.S.C. § 1158(b)(1)(B)(iii); *see Xiu Xia Lin v. Mukasey*, 534 F.3d 162, 167 (2d Cir.2008).

■ As a preliminary matter, because Petitioner failed to raise before this Court any challenge to the agency's denial of her CAT claim, we deem any such argument waived. *See Yueqing Zhang v. Gonzales*, 426 F.3d 540, 545 n. 7 (2d Cir.2005).

■ As to Petitioner's asylum and withholding of removal claims, we find that the agency's adverse credibility determination was supported by substantial evidence. Petitioner argues that the agency did not appropriately consider the totality of the circumstances; however, the BIA and the IJ explicitly relied on a number of inconsistencies to support the adverse credibility determination. *See Xiu Xia Lin*, 534 F.3d at 167 ("[A]n IJ may rely on any inconsistency or omission … as long as the 'totality of the circumstances' establishes that an asylum applicant is not credible.") (emphasis in original).

As the agency properly found, Petitioner's testimony was inconsistent with her application concerning the threats she received upon her release from custody, and no reasonable fact-finder would have been compelled to accept her explanation for the inconsistency. *See Majidi v. Gonzales*, 430 F.3d 77, 80–81 (2d Cir.2005). There were also discrepancies between the account Petitioner gave in her asylum application and her testimony regarding the police interrogation and her responses. Finally, where Petitioner was given multiple opportunities to explain these inconsistencies and was unable to do so, the IJ's observation that she was "unresponsive and evasive" was another proper basis for the determination that she was not credible. *See* 8 U.S.C. § 1158(b)(1)(B)(iii) (providing that "a trier of fact may base a credibility determination on the demeanor, candor, or responsiveness of the applicant".)

To the extent that the BIA may have erred in failing to consider Petitioner's argument concerning the translation of her

friend's letter,[2] remand would be futile as it can be confidently predicted based on the BIA's non-erroneous findings that the agency would reach the same credibility determination absent any errors. *See Xiao Ji Chen v. U.S. Dep't of Justice,* 471 F.3d 315, 339 (2d Cir.2006).

Ultimately, substantial evidence supported the IJ's denial of asylum because, taken together, the IJ's numerous proper findings provided ample support for his adverse credibility determination. *See* 8 U.S.C. § 1252(b)(4)(B); *Liang Chen v. U.S. Attorney General,* 454 F.3d 103, 106 (2d Cir.2006). As the only evidence that petitioner would be persecuted depended on her credibility, the agency properly denied Petitioner's applications for asylum and withholding of removal. *See Paul v. Gonzales,* 444 F.3d 148, 156 (2d Cir.2006).

For the foregoing reasons, the petition for review is DENIED. As we have completed our review, the pending motion for a stay of removal in this petition is DISMISSED as moot.

---

**2.** Although this Court does not require the agency to provide a detailed analysis of insignificant pieces of evidence, *see Xiao Ji Chen v. U.S. Dep't of Justice,* 471 F.3d 315, 338 n. 17 (2d Cir.2006), Petitioner's submissions called into question one of the bases of the IJ's adverse credibility finding. Therefore, although the BIA could not have considered Petitioner's new evidence in evaluating her appeal from the IJ's decision, the BIA could have construed Petitioner's submission of new evidence as a motion to remand to the IJ for further fact-finding. *See* 8 C.F.R. § 1003.1(d)(3)(iv). It should not, however, have simply ignored the evidence.